949 F.2d 399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William RICHARDSON, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-35016.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1991.
Decided Dec. 3, 1991.
 
 Before EUGENE A. WRIGHT, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richardson appeals the district court's judgment affirming the Secretary's denial of his disability benefits application. He argues that: (1) substantial evidence did not support the Secretary's final decision; (2) the Administrative Law Judge erred in his determination that Richardson could perform light work; and (3) he was denied a full and adequate hearing. We affirm.
 
 
 3
 Richardson worked as a supermarket bakery manager until 1985, when he suffered a back injury. His first application for disability insurance benefits was denied. He applied again in 1987. This application also was denied initially and upon reconsideration. Following the disability hearing, an ALJ determined that Richardson was not disabled and retained the ability to perform light work. The Appeals Council adopted this determination, and it became the Secretary's final decision. Richardson requested judicial review of the Secretary's determination. The district court entered summary judgment for the Secretary.
 
 
 4
 Richardson contends that the Secretary erred in finding that his back injury is not disabling under Section 1.05C of the listing impairments. See Marcia v. Sullivan, 900 F.2d 172, 174 (9th Cir.1990).
 
 
 5
 The Secretary considered the entire record in determining that the combined effect of Richardson's back problems and arthritis did not meet the requisite criteria for a disability. The medical evidence presented at the hearing indicated that although Richardson exhibits some signs of muscle spasm and limited movement, he does not suffer from muscle atrophy and sensory reflex loss. Based on the criteria in the listing of impairments, Richardson cannot establish a disability resulting from his back problem.
 
 
 6
 Richardson argues that the Secretary improperly rejected his subjective pain testimony. The Secretary need not believe a claimant's pain testimony, and may disregard such testimony entirely whenever the claimant fails to submit objective medical findings that could reasonably be expected to produce the alleged pain. Bunnell v. Sullivan, --- F.2d ---- 1991 WL 191634 (9th Cir. Oct. 1, 1991) (adopting standard set forth in Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir.1986), an adjudicator's evaluation of pain may be based on lack of medical evidence of an underlying impairment reasonably likely to cause pain, but not on failure of claimant to produce objective evidence of pain).
 
 
 7
 Richardson objects specifically to the ALJ's findings regarding his failure to use medication, his infrequent medical treatment, and his daily activities. These circumstances are properly considered in making a credibility determination. Fair v. Bowen, 885 F.2d 597, 604 (9th Cir.1989).
 
 
 8
 Richardson contends that the ALJ's finding that he retained the residual functional capacity to perform light work is not based on substantial evidence. The judge found that considering Richardson's residual functional capacity, his skills could be used to meet the requirement of skilled work activities of other jobs. See 20 C.F.R. § 404.1568. Substantial evidence supports the judge's conclusion that Richardson retained the residual functional capacity to perform light work existing in the national economy.
 
 
 9
 Richardson appeared pro se at his hearing and argues that he was denied a full, fair and adequate hearing. This court has held that the "lack of counsel does not affect the validity of the hearing unless the plaintiff can demonstrate prejudice or unfairness in the administrative proceedings." Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir.1985). The ALJ advised Richardson of his right to counsel and conducted a full inquiry into his condition. Richardson had a full and fair hearing.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3