131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brenda McCLUSKEY; Plaintiff-Appellant,
v.
John J. CALLAHAN*, Acting Commissioner,
Social Security Administration; Defendant-Appellee.
 No. 96-16737.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 10, 1997.
Decided Dec. 4, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-95-01300-VRW; Vaughn R. Walker, District Judge, Presiding.
 MEMORANDUM**
 Before: FLETCHER, WIGGINS, and RYMER Circuit Judges.
 Appellant Brenda McCluskey ("McCluskey") filed an application for supplemental security income benefits under Title XVI of the Social Security Act. The Administrative Law Judge ("ALJ") denied her claim. McCluskey sought judicial review in the district court pursuant to 42 U.S.C. § 405(g). The district court granted the Commissioner's motion for summary judgment, finding that the ALJ's denial of benefits was supported by substantial evidence and not based on legal error. McCluskey appeals, contending that the ALJ applied an erroneous legal standard. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand to the Commissioner for a new administrative hearing to determine McCluskey's disability status.
 We review the district court's grant of summary judgment de novo. See Marcia v. Sullivan, 900 F.2d 172, 174 (9th Cir.1990). We affirm if we determine that substantial evidence supports the ALJ's findings and that the ALJ applied the correct legal standards. See Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996).
 The Social Security Administration has created a "Listing of Impairments" for the purpose of determining disability. See 20 CFR § 404, Subpt. P, Appendix 1. A claimant is conclusively disabled if her impairment or combination of impairments meets or is medically equivalent to a listed impairment. See 20 CFR §§ 416.925, 416.926; Lester v. Chater, 69 F.3d 1453, 1461 (9th Cir.1995). McCluskey has two impairments--an IQ of 74 and an injured back--neither of which individually meets or equals a listed impairment. McCluskey argued that her combination of impairments was medically equivalent to listed impairment 12.05(C), which requires "[a] valid verbal, performance, or full scale IQ of 60 to 69 inclusive and a physical or other mental impairment imposing additional and significant work-related limitation of function."
 The ALJ considered McCluskey's impairments in isolation, not in combination. He simply determined that her mental impairment did not meet the IQ prong of listed impairment 12.05(C) and that her physical impairment did not meet listed impairment 1.05(C), disorders of the spine. This court requires, pursuant to 20 C.F.R. § 416.926(a),[1] that the ALJ make sufficient findings in determining whether a combination of impairments establishes medical equivalence. See Marcia, 900 F.2d at 176. In this case, the ALJ failed to make any findings about whether her combination of impairments equalled listed impairment 12.05(C). It was not sufficient for the ALJ to determine that her IQ was not within the range of 12.05(C); he must make findings about the combination of her two impairments.
 Because the ALJ failed to make adequate findings in determining whether McCluskey's combination of impairments established equivalence, we reverse and remand to the Commissioner for a new administrative hearing to determine McCluskey's disability status.
 REVERSED and REMANDED.
 
 
 
 *
 John J. Callahan, as Acting Commissioner, Social Security Administration, is substituted for Shirley S. Chater, as Commissioner, Social Security Administration. Fed. R.App. P. 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 20 C.F.R. § 416.926: Medical equivalence
 (a) How medical equivalence is determined.
 We will decide that your medical impairment(s) is medically equivalent to a listed impairment in Appendix 1 of subpart P of part 404 of this chapter if the medical findings are at least equal in severity and duration to the listed findings .... if you have more than one impairment, and none of them meets or equals a listed impairment, we will review the symptoms, signs, and laboratory findings about your impairments to determine whether the combination of your impairments is medically equal to any listed impairment.