**Lee R. MARCIA, Plaintiff–Appellant,**

**v.**

**Louis W. SULLIVAN,\* Secretary of Health and Human Services, Defendant–Appellee.**

**No. 88–15504.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 14, 1989.\*\*

Decided April 2, 1990.

---

\* Dr. Louis W. Sullivan has been substituted for Otis R. Bowen pursuant to Fed.R.App.P. 43(c)(1).

\*\* The panel granted Appellant's motion to submit without oral argument on December 8, 1989.

*See* Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4; Circuit Advisory Committee Note to Rules 34–1 to 34–4, No. (2).

Philip Simon and James Hunt Miller, Adult Independence Development Center, Santa Clara, Cal., for plaintiff-appellant.

Michael R. Power, San Francisco, Cal., for defendant-appellee.

Before WRIGHT, HUG and LEAVY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

The issue is whether the Secretary of Health and Human Services erred in denying Lee Marcia's claim for disability insurance benefits. Specifically, we must determine if the Administrative Law Judge made sufficient findings in determining that Marcia failed to meet or equal a listed impairment under 20 C.F.R. § 404.1520(d), the third step in the five-step disability evaluation in the Social Security regulations.

## BACKGROUND

Marcia worked for several employers in the aerospace industry primarily as an en-

gineering draftsman between June 1960 and April 1982. He applied for disability benefits in May 1985, claiming he had been disabled since April 1983.

At a disability hearing before an ALJ, Marcia claimed that he suffered from chronic liver disease and other medical problems, including lung impairment, peptic ulcers, back pain, and hand tremors. The ALJ found that he had significant periodic medical problems, but that they were not disabling. He also found that Marcia's impairments did not prevent him from doing past work or other work.

The ALJ denied disability benefits based on these findings. Marcia's timely administrative appeal with the Appeals Council was denied. The district court upheld the decision by summary judgment, and Marcia timely petitioned for review.

We have jurisdiction under 28 U.S.C. § 1291.

## DISCUSSION

### I. STANDARD OF REVIEW

■■■ We review the judgment of the district court de novo. *Adams v. Bowen*, 872 F.2d 926, 927 (9th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 151, 107 L.Ed.2d 109 (1989). The Secretary's denial of benefits will " 'be disturbed only if it is not supported by substantial evidence or it is based on legal error.' " *Brawner v. Secretary of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir.1988) (quoting *Green v. Heckler*, 803 F.2d 528, 529 (9th Cir. 1986)).

### II. STATUTORY AND REGULATORY FRAMEWORK

Title II of the Social Security Disability Act provides that persons "under a disability" shall receive disability benefits. 42 U.S.C. § 423(a)(1)(D); *Winans v. Bowen*, 853 F.2d 643, 646 (9th Cir.1987). To qualify for disability benefits, a claimant must establish that he or she is unable to engage in "substantial gainful activity" because of a "medically determinable physical or mental impairment" which "has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant will be found disabled only if the impairment is so severe that, considering age, education, and work experience, that person cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

The Secretary has promulgated regulations which implement the provisions of the Act. 20 C.F.R. § 404.1520(a)–(f). They contain a five-step sequential disability evaluation process.

At step one, the Secretary determines whether the claimant is engaged in "substantially gainful activity." If so, benefits are denied. *Id.* § 404.1520(a) & (b).

At step two, the Secretary determines whether the impairment is "severe."[1] *Id.* § 404.1520(c).

At step three, the medical evidence of the claimant's impairment is compared to a list of impairments presumed severe enough to preclude gainful work. *Id.* § 404.1520(d); *see* 20 C.F.R. Part 404, Subpt. P, App. 1 ("Appendix I"). If the claimant meets or equals one of the listed impairments, a conclusive presumption of disability applies. *Winans*, 853 F.2d at 647; *Key v. Heckler*, 754 F.2d 1545, 1548 (9th Cir.1985).

If the presumption does not apply, the evaluation proceeds to steps four and five, and the Secretary determines whether the claimant can do relevant past work or other work. If the claimant cannot do either, benefits are awarded. 20 C.F.R. § 404.1520(e) & (f).

### III. EVALUATION OF MARCIA'S PRESUMPTIVE DISABILITY CLAIM

Step three of the regulations provides:

If you have an impairment(s) which meets the duration requirement and is

---

**1.** The ALJ in this case did not apply the "severity regulation" because, at the time of his decision, a district court injunction prevented application of step two. The Supreme Court, in an unrelated case, subsequently held the "severity regulation" to be valid on its face. *Bowen v. Yuckert*, 482 U.S. 137, 154, 107 S.Ct. 2287, 2297, 96 L.Ed.2d 119 (1987).

listed in Appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience.

20 C.F.R. § 404.1520(d). The ALJ found that Marcia was not entitled to a presumption of disability at step three. On appeal, Marcia contends that the ALJ erred in finding that (1) his impairment did not *meet* a listed impairment and (2) his impairment did not *equal* a listed impairment. We consider these contentions in turn.

## A. *Did Marcia* Meet *the Listing?*

 The listing of impairments in Appendix I "describes, for each of the major body systems, impairments which are considered severe enough to prevent a person from doing any gainful activity." *Id.* § 404.1525(a). The Secretary does not consider a claimant's impairment to be one listed in Appendix I solely because it has the *diagnosis* of a listed impairment. *Id.* § 404.1525(d). "It must also have the *findings* shown in the Listing of that impairment." *Id.* (emphasis added); *see also* Social Security Ruling 83–19, at 90 (Jan.1983) (an impairment *meets* a listed condition "only when it manifests the specific findings described in the set of medical criteria for that listed impairment").

Chronic liver disease is a listed impairment in Appendix I under disorders of the digestive system. Appendix I, § 5.05. Marcia presented medical evidence that he was *diagnosed* as having chronic liver disease.

We next determine whether Marcia has the specific *findings* associated with this impairment. Marcia claims that his chronic liver disease was accompanied by ascites, a symptom found in § 5.05(D) of Appendix I.[2] That finding must manifest itself as follows:

Ascites, not attributable to other causes, recurrent or persisting for at least 5 months, demonstrated by abdominal paracentesis or associated with persistent hypoalbuminemia of 3.0 gm. per deciliter (100 ml.) or less ...

Appendix I, § 5.05(D).

Marcia does not meet either diagnostic prong to establish a finding of ascites. First, the medical evidence does not demonstrate a diagnosis of ascites by abdominal paracentesis.[3] Second, Marcia conceded in the district court that he failed to show that his ascites was associated with persistent low albumin of 3.0 grams per deciliter or less.[4] The record clearly shows that he did not meet the listing for chronic liver disease. We therefore affirm the ALJ's decision on this issue.

## B. *Did Marcia* Equal *the Listing?*

 Did Marcia's medical evidence *equal* a listed impairment? If so, he is presumptively disabled.

The regulations in Appendix I specify the requirements to establish medical equivalence of a listed impairment in Appendix I. Medical equivalence will be found "if the medical findings are at least equal in severity and duration to the listed findings." 20

---

**2.** Ascites is an accumulation of abnormal amounts of fluid in the peritoneal cavity. 2 *Lane Medical Litigation Guide* § 24.22 (1989).

**3.** Marcia says that the medical evidence in the record is in a note dated February 3, 1984, which refers to a paracentesis test in May 1983. It indicates that the paracentesis performed in May 1983 was negative for cancer.

Marcia argues that "[i]t is absurd to suggest that the claimant's physicians would perform a paracentesis to confirm ascites in May 1983, diagnose ascites, and then treat the claimant for that condition for several years thereafter if that test had been negative for ascites." We reject this argument. An inference is not a specific finding as required by the regulations. In addition, as discussed below, another test, a radioi-

sotope fluid scan performed in February 1984, demonstrated the existence of ascites. The record does not support an inference that Marcia tested positive for ascites based on abdominal paracentesis.

**4.** His memorandum in support of summary judgment stated:

The record shows that plaintiff's albumin level was 3.3 grams on January 3, 1984, 2.8 grams on February 6, 1984, and 3.4 grams on February 25, 1986.... Plaintiff comes very close to, *but does not meet,* this alternative prong of § 5.05(D). His albumin was below 3.0 grams on one occasion, but not persistently, the other readings being very low but not quite at the critical point. (emphasis added)

C.F.R. § 404.1526. Equivalence is determined on the basis of a comparison between the "symptoms, signs and laboratory findings" about the claimant's impairment as evidenced by the medical records "with the medical criteria shown with the listed impairment." *Id.*

Marcia presented evidence in an effort to establish equivalence. First, he offered evidence that an alternative diagnostic test performed in February 1984, a radioisotope fluid scan, established the presence of ascites.[5] *See* Social Security Ruling 83–19, at 91 (equivalency can be established when a listed impairment for which the medical findings are missing from the evidence but for which "other medical findings of equal or greater significance and relating the same impairment are present in the evidence").

Second, he presented evidence that the combination of his impairments established medical equivalence. *See* 42 U.S.C. § 423(d)(2)(C) (requiring that "the combined effect of all of the individual's impairments" be considered, "without regard to whether any such impairment, if considered separately," would be sufficiently severe); Social Security Ruling 83–19, at 91.

The ALJ made this finding as to equivalence:

The claimant has failed to provide evidence of medically determinable impairments that meet *or equal the Listings* to Subpart P of Regulation 4 or the duration requirements of the Act … (emphasis added)

Marcia argues that this finding is insufficient to show that the ALJ actually considered equivalence. He is correct.

In the context of determining whether a combination of impairments establishes equivalence, other circuits have found that the ALJ must make sufficient findings.

*See Walker v. Bowen,* 889 F.2d 47, 50 (4th Cir.1989) (remanding to the Secretary because "the ALJ must adequately explain his or her evaluation of the combined effects of the impairments"); *Jamison v. Bowen,* 814 F.2d 585, 589 (11th Cir.1987) ("in order to make our review meaningful, we must be able to determine what statutory and regulatory requirements the ALJ did in fact apply—where we cannot do that we must vacate and require a remand to the Secretary for clarification").

We hold that, in determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments. Applying this standard to the findings in this case, we find that the statement that Marcia did not equal the listing was insufficient.

▪▪▪ We have discretion to remand for further proceedings or to award benefits. *Winans,* 853 F.2d at 647. "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Lewin v. Schweiker,* 654 F.2d 631, 635 (9th Cir. 1981). Where the Secretary is in a better position than this court to evaluate the evidence, remand is appropriate. *See McAllister v. Sullivan,* 888 F.2d 599, 603 (9th Cir.1989).

▪▪▪ We remand this case to the Secretary for proper consideration of step three equivalence because he is in a better position to evaluate the medical evidence. On remand, if the Secretary finds that Marcia's impairment or combination of impairments equals a listing, the claimant is presumed to be disabled, and benefits should be awarded. If the Secretary determines that Marcia's medical evidence is insuffi-

---

5. The Secretary argues that the February 1984 radioisotope fluid scan cannot be used to establish ascites because it was performed more than 12 months prior to Marcia's application for disability benefits. This argument is based on 42 U.S.C. § 423(b), which provides that the application for disability insurance benefits has a maximum 12–month retroactive effect. We disagree with the Secretary's reading of the statute. It does not prevent the Secretary from considering medical evidence more than 12 months before an application for benefits. If Marcia can establish that he was disabled in the twelfth month prior to his application for benefits, he is entitled to those benefits regardless of when the medical evidence supporting such a disability was developed.

cient to raise a presumption of disability, he should continue the disability evaluation to steps four and five.[6]

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

**6.** Because we remand for reconsideration of step three, we do not reach the other arguments raised. One argument was that the ALJ erred in requesting Marcia to perform a simple physical test at the disability hearing. Without deciding this issue, we remind the Secretary that while an ALJ may rely on his own observations when determining whether a claimant is exaggerating an impairment, *Quang Van Han v. Bowen*, 882 F.2d 1453, 1458 (9th Cir.1989), they may not be used as a substitute for medical diagnosis. *See Nyman v. Heckler*, 779 F.2d 528, 531 n. 1 (9th Cir.1985). We note, too, that in determining whether a claimant is able to perform past work at step four, the ALJ "must ascertain the demands of the claimant's former work and then compare the demands with his present capacity." *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir.1986).