**Julie HART, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART,\* Commissioner of Social Security, Defendant—Appellee.**

No. 00–36109.

D.C. No. CV–00–05084–RJB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2002.

Decided July 1, 2002.

Before BROWNING, B. FLETCHER
and GOULD, Circuit Judges.

MEMORANDUM \*\*

Julie Hart appeals the denial of social security benefits. On de novo review, *Moore v. Barnhart,* 278 F.3d 920, 924 (9th Cir.2002), we find legal error at step three [1] and reverse and remand for further proceedings consistent with this disposition.

The ALJ asked the doctor to base his opinion as to whether Hart's impairments met or equaled a listed impairment on Hart's anxiety-related disorder alone, rather than on her combined mental and physical impairments. Because "the collective symptoms, signs and laboratory findings of all of the claimant's impairments will be evaluated to determine whether they meet or equal the characteristics of any relevant listed impairment," *Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir.1999) (citing 20 C.F.R. § 404.1526), we agree with Hart that this was legal error and reverse and remand for a determination based upon Hart's combined impairments.[2]

We also agree with Hart that the ALJ should have considered whether her impairments equaled the listing based on medical testimony that Hart had problems with "concentration, persistence, *and* pace" that would have been "fairly severe" at times.

The ALJ also erred by considering only Hart's best level of functioning when it was clear that her level of functioning fluctuated over time. The regulations note that a claimant's "level of functioning may vary considerably over time" and caution that "[p]roper evaluation of [a claimant's] impairment(s) must take into account any variations in the level of [her] functioning in arriving at a determination of severity

---

\* Jo Anne B. Barnhart is substituted for her predecessor, William A. Halter, as Commissioner of Social Security. *See* Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We do not reach the issue of alleged errors at steps four and five.

2. The Commissioner argues that the ALJ properly did not consider Hart's physical impairments because of an adverse credibility

finding about the extent of Hart's physical limitations. Hart did not appeal the credibility determination. However, the ALJ made findings indicating that Hart had specific physical limitations: "[Hart] was limited in her ability to push/pull with her upper extremities and reach in all directions, including overhead, with her right arm. She could never climb ladders and scaffolds." To the extent the ALJ found Hart had physical limitations, he should have considered her combined impairments.

over time." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(D)(2).

Finally, the ALJ failed to make sufficient findings in determining that Hart's impairments did not equal a listed impairment (the equivalency finding). *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir.1990) ("[T]he ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments.").

REVERSED and REMANDED.