Alfred BRACKENBURY,
Plaintiff—Appellant,

v.

Michael J. ASTRUE,* Commissioner
of Social Security, Defendant—
Appellee.

No. 06–35283.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2008.

Filed Feb. 27, 2008.

---

* Michael J. Astrue is substituted for his prede-
cessor Jo Anne Barnhart as Commissioner of
the Social Security Administration.   Fed.
R.App. P. 43(c)(2).

Linda Ziskin, Law Offices, Lake Oswego, OR, Merrill Schneider, Esq., Schneider Law Offices, Portland, OR, for Plaintiff–Appellant.

Craig J. Casey, Esq., Office of the U.S. Attorney, Mark O. Hatfield U.S., Portland, OR, Stephanie Martz, Esq., Johanna Vanderlee, Esq., Michael McGaughran, Esq., Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: RYMER, T.G. NELSON, and PAEZ, Circuit Judges.

## MEMORANDUM **

Alfred Eugene Brackenbury appeals the district court's decision affirming denial of his application for Supplemental Security

Income by the Commissioner of Social Security. We affirm.

### I

Brackenbury argues that the ALJ's determination is not supported by substantial evidence in that his impairments continued to equal Listed Impairment 12.04 beyond February 1, 2003. Specifically, he contends that the opinions of two examining physicians were improperly rejected in favor of that of a non-examining medical expert. *See Gallant v. Heckler,* 753 F.2d 1450 (9th Cir.1984). However, neither Dr. Jenkins nor Dr. Kolilis found that Brackenbury met all the requirements of the listing. Dr. Davis, on the other hand, testified that Brackenbury's condition equaled 12.04 only from January 2002 through February 2003. Although the examining physicians' reports could be read differently, the ALJ reasonably interpreted both as consistent with his view of the evidence. *See Batson v. Comm'r. of the Soc. Sec. Admin.,* 359 F.3d 1190, 1196 (9th Cir.2004) (instructing that "[w]hen evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ"). Dr. Jenkins, who examined Brackenbury in February 2003, noted that Brackenbury had stopped therapy; his report, when compared with earlier medical evidence, supports a conclusion of improvement. Dr. Kolilis, who examined Brackenbury in September, questioned Brackenbury's subjective complaints of depression, found that it was situational, and suggested that Brackenbury could work in a job where he would not be around many people or under constant supervision.

Brackenbury maintains that the ALJ should have credited the Global Assess-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ment of Functioning (GAF) score assessed by Dr. Jenkins and Dr. Kolilis. However, Dr. Davis testified that Brackenbury's impairment was less severe than the examining physicians thought given his activities of daily living, including playing basketball, biking, going to the library, housekeeping, reading, and writing. Also, the ALJ questioned Dr. Kolilis's assessment for the specific and legitimate reason that his report was internally inconsistent, as Dr. Davis explained, in diagnosing an adjustment disorder with depressed mood chronic while an adjustment disorder, by definition, can last only six months.

Relying on *Marcia v. Sullivan*, 900 F.2d 172 (9th Cir.1990), Brackenbury faults the ALJ for failing adequately to address the issue of continuing medical equivalence and to offer reasons for finding that Brackenbury's condition improved in February 2003. However, the ALJ explicitly relied on Dr. Davis's testimony that Brackenbury's condition had improved by then and, as discussed, Dr. Davis's opinion was in turn consistent with the examining physicians' reports (except for their GAF assessment).

## II

■ Alternatively, Brackenbury submits that he should be found to be unable to perform work at Steps 4 or 5. In particular, he claims that limitations found by a vocational rehabilitation counselor in 2000 were not incorporated into the ALJ's second decision or into hypotheticals to the Vocational Expert (VE). Brackenbury does not point to specific findings that were not included. The ALJ reasonably concluded that Alvarado and Leese's re-

port was due no weight as it was not based on any medical evidence. Beyond this, the ALJ's hypotheticals did incorporate the gist of more current limitations found by physicians who had examined Brackenbury. While the ALJ did not specifically include Dr. Kolilis's opinion that some of Brackenbury's limitations would be marked if he were anxious, or that Brackenbury's Avoidant Personality Disorder/Social Phobia would raise vocational barriers, the ALJ captured the heart of the diagnosis by positing to the VE that Brackenbury could have no direct public contact.[1]

■ Brackenbury also maintains that the hypothetical was incomplete because the ALJ discounted his own testimony and that of his brother and sisters in contravention of accepted lay witness standards. *See Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). However, he does not point to information that was disregarded. To the extent the ALJ did not find the testimony of Brackenbury and his siblings reliable with respect to subjective complaints, he was entitled to do so in light of Brackenbury's daily activities, *see Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir.2005), lack of treatment, and modest pain-relief regimen, *see Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir.1993).

Given this disposition, Brackenbury's request for a remand to award benefits is moot.

AFFIRMED.

---

1. At oral argument, Brackenbury suggested that the ALJ also erred in failing to include fine motor limitations reflected in a Blankenship evaluation, but this submission is waived because it was not developed in his opening brief. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir.2005) ("Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief.").