**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANETT PIERCE,

        Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant - Appellee.

No. 08-15561

D.C. No. 2:06-CV-02666-NVW

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted December 10, 2009
San Francisco, California

Before: TASHIMA, GRABER and BYBEE, Circuit Judges.

    Plaintiff-Appellant Anett Pierce claims that she has been disabled since

September 12, 2001, due to various impairments. She was denied disability

benefits, and an administrative law judge ("ALJ") determined that she was not

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

disabled. Pierce sued in the District of Arizona, where the court granted the Commissioner's motion for summary judgment. We hold that the ALJ erred in his evaluation of the medical opinion evidence, and we reverse the district court's grant of summary judgment and remand with instructions to remand to the ALJ for computation of benefits.

We review *de novo* a district court's order upholding the Commissioner's denial of benefits. *See Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001). "The scope of appellate review, however, is limited: this Court must affirm if substantial evidence supports the Commissioner's decision and if the Commissioner applied the correct legal standards." *Id.* We "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

The ALJ found that Pierce retained a residual functional capacity ("RFC") to perform unskilled to semi-skilled light exertional work, but that she required a sit/stand option. In making this determination, the ALJ disagreed with the statement of Pierce's examining physician, Dr. Atul Patel, that Pierce was limited to standing/walking for two hours out of an eight-hour workday and could thus perform only sedentary work. Based on the ALJ's calculation of Pierce's RFC as well as the testimony of a vocational expert ("VE"), the ALJ determined at step

five of the five-part disability procedure, 20 C.F.R. § 404.1520(a)(4)(v), that Pierce could perform jobs existing in significant numbers in the national economy, including: (1) the *semi-skilled* jobs of billing clerk, payroll clerk, calculating machine operator, and customer service representative; and (2) the *unskilled* jobs of office helper, unarmed gate guard, and receptionist.

## I

The ALJ erred in failing to fully credit Dr. Patel's findings, in particular his finding that Pierce was limited to standing/walking only two hours in a workday. "[T]he Commissioner must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (internal quotation marks omitted). Here, the ALJ provided no explanation for why he rejected part of Dr. Patel's findings, simply concluding that "[t]he evidence as a whole indicates no objective reason why the claimant could not perform a limited range of light exertional work with a sit/stand option." Thus, the ALJ came far short of providing "clear and convincing reasons." *Id*.

Furthermore, there is nothing in the ALJ's decision or the record that seriously undermines Dr. Patel's finding that Pierce was limited to standing/walking only two hours in a workday. Not a single physician who examined Pierce opined that she could stand/walk more than two hours per day.

3

Moreover, Dr. Patel's finding that Pierce had a normal gait and full range of motion in her knees simply demonstrates that she could do *some* walking and standing; it in no way indicates that she could walk or stand for extended periods, let alone more than two hours in an eight-hour workday.

## II

Because we hold that the ALJ erred in failing to fully credit Dr. Patel's testimony, we may either remand for further administrative proceedings or remand for computation of benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). A remand for computation of benefits is appropriate "where the record is fully developed [and thus] a remand for further proceedings is unnecessary." *Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998).

We hold that the appropriate remedy in this case is a remand for computation of benefits. Because the ALJ erred in his evaluation of Dr. Patel's testimony, we must credit as a matter of law Dr. Patel's opinion that Pierce was capable of performing only a sedentary level of work. *See Lester*, 81 F.3d at 834. The Medical-Vocational Guidelines, set forth in 20 C.F.R. § 404, Subpart P, Appendix 2 ("Guidelines"), apply where a claimant is limited to sedentary work as a result of severe medically determinable impairments. The Guidelines deem a person of Pierce's age, educational background, and work history to be

4

*conclusively* disabled unless that person has skills that transfer to skilled or semi-skilled sedentary work. *See* Guidelines § 201.14-15.

Both the ALJ and the VE did indeed find that Pierce had skills that would transfer to certain semi-skilled jobs, including billing clerk, payroll clerk, calculating machine operator, and customer service representative. However, the VE testified that these semi-skilled jobs do not have a sit/stand option, and the Dictionary of Occupational Titles does not indicate that these jobs have a sit/stand option. Because the ALJ determined that Pierce "require[d] a sit/stand option," the ALJ erred in holding that Pierce could perform these semi-skilled jobs.

Of course, the ALJ also determined that Pierce could perform certain *unskilled* jobs: office helper, unarmed gate guard, and receptionist. Furthermore, the VE testified that these unskilled jobs do in fact have a sit/stand option. However, because these are unskilled jobs, by definition Pierce's skills are not transferable to these jobs. Thus, in light of the ALJ's determination that Pierce is incapable of performing jobs without a sit/stand option, and the VE's testimony that none of the semi-skilled jobs Pierce could perform contain a sit/stand option, Pierce is incapable of performing any semi-skilled job. Because Pierce has no transferrable skills and, according to Dr. Patel, is capable of performing only sedentary work, the Guidelines deem her conclusively disabled. Further

5

proceedings are unnecessary. Thus, "[w]e reverse the judgment of the district court and remand with instructions to remand to the ALJ for an award of benefits." *Reddick*, 157 F.3d at 730.

**REVERSED AND REMANDED TO THE ADMINISTRATIVE LAW JUDGE FOR COMPUTATION OF BENEFITS.**