**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CONSTANCE MURPHY,

        Plaintiff - Appellant,

  v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

        Defendant - Appellee.

No. 10-35239

D.C. No. 6:08-cv-00723-HO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted March 9, 2011[**]
Portland, Oregon

Before: D.W. NELSON, THOMAS, and GRABER, Circuit Judges.

Constance Murphy ("Murphy" or "claimant") appeals the district court's

judgment affirming the Commissioner of Social Security's denial of her

application for disability insurance benefits under Title II of the Social Security

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel granted appellant's motion to waive oral argument.

Act. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

This court reviews the district court's judgment de novo to determine whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[I]n dealing with a determination or judgment which an administrative agency alone is authorized to make," this court "must judge the propriety of such action solely by the grounds invoked by the agency." *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

The Social Security Regulations set out a five-step process for deciding whether a claimant is disabled under the Act. *See* 20 C.F.R. § 404.1520. In "determining whether a combination of impairments establishes equivalence" under Step 3, the administrative law judge ("ALJ") "must explain adequately his evaluation of alternative tests and the combined effects of the impairments." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The ALJ's "statement that [a claimant] did not equal the listing [is] insufficient." *Id*.

This is equally true of the ALJ's explanation of equivalence in this case, where under Step 3 his decision reads as follows: "Dr. McDevitt testified that claimant did not have any other impairment or combination of impairments that

2

'meets' or 'medically equals' the requirements of any of the impairments listed in Appendix 1, Subpart P of the Social Security Regulations." Not only is this explanation insufficient, it is also incorrect. Dr. McDevitt testified repeatedly that he believed Murphy's impairments probably qualified as somatoform disorder under Listing 12.07, and this testimony was the reason why the ALJ decided to order further psychological testing. At one point during the exchange, the ALJ even likened Murphy's proclivity for elective surgeries to "suicide by police," and Dr. McDevitt described this as a "fair analogy." That the ALJ then used Dr. McDevitt's testimony as support for his conclusion that Murphy did not have an impairment that "meets" or "medically equals" the requirements listed in the Social Security Regulations simply begs the question. If the ALJ actually adopted Dr. McDevitt's opinion, he would have found that Murphy was disabled.

This confusion is exacerbated by the fact that Listing 12.07 is not mentioned in the ALJ's brief discussion of disability, but decompensation, one of the provisions of subsection (B) in Listing 12.07, is mentioned during the ALJ's discussion of residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.07(B). The other provisions of subsection (B) are not discussed in any detail, if at all.

The ALJ ordered additional neuropsychological screening, and Ronald Duvall, Ph.D., was tasked with examining Murphy "as part of determining her eligibility for Social Security Disability benefits." Within this context, and in response to specific referral questions, Duvall listed somatoform disorder as a "primary diagnosis," writing that

> [s]he has multiple systemic involvement, with the DSM-IV criteria of multiple painful areas, sexual problems, GI complaints, pseudo-neurological conditions (e.g. hallucinations, seizures, dissociative symptoms), and so forth. There is rarely much time that passes without the individual presenting yet another complaint to a physician. This is a person who is likely to have had multiple exploratory diagnostic procedures and surgeries. It is usually a lifelong disorder.

Duvall also indicated that Murphy suffered from depression and borderline personality disorder, including "substance abuse, suicide attempts, broken relationships, anger outbursts, poor self-identity, and others." As with Dr. McDevitt's testimony, however, the ALJ seems to have taken the fact that Duvall did not use the magic words "meets or equals" as an indication that Murphy's somatoform disorder did not satisfy the requirements of the statute. Because no such reasoning is provided in the ALJ's decision, his finding is insufficient to show that he actually considered the issue of equivalence. *See Marcia*, 900 F.2d at 176.

What is more, the ALJ then used Dr. McDevitt's testimony to justify dismissing evidence from Dr. Richardson and Susan Blesch, both of whom

4

indicated that Murphy's somatoform disorder satisfied at least one of the provisions of Listing 12.07, subsection (B). In fact, the evidence and testimony from Dr. McDevitt, Ronald Duvall, Dr. Richardson, and Susan Blesch is remarkably consistent on the issue of Listing 12.07. In either expressly or implicitly rejecting the opinions of one medical expert and three examining physicians,[1] the ALJ must, at the very least, provide "specific and legitimate" reasons for his decision. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). The ALJ has not done so here.

"We have discretion to remand for further proceedings or to award benefits." *Marcia*, 900 F.2d at 176. When the Commissioner is in a better position than this court to evaluate the evidence, remand is appropriate. *Id*. Because this is the case here, we remand to the Commissioner for proper consideration of Step 3 equivalence. On remand, if the Commissioner finds that Murphy's impairment or combination of impairments equals a listing, Murphy is entitled to benefits. If the Commissioner determines that Murphy's medical evidence is insufficient to raise a

---

[1] For purposes of this disposition, the term "physician" or "doctor" includes psychologists and other health professionals who do not have M.D.'s. *See* 20 C.F.R. § 404.1527(a)(2) (partially defining "medical opinions" as "statements from physicians and psychologists or other acceptable medical sources").

presumption of disability, he should continue the disability evaluation to Steps 4 and 5.[2] *See id.* at 176-77.

**REVERSED and REMANDED for further proceedings.**

---

[2] Because we remand for reconsideration of Step 3, we do not reach the other arguments raised.