**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| BARBARA J. HAMILTON,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　　Defendant - Appellee. | No. 11-15140<br><br>D.C. No. 1:09-cv-01427-SMS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Sandra M. Snyder, Magistrate Judge, Presiding

Argued and Submitted November 30, 2011
San Francisco, California

Before: THOMAS and CLIFTON, Circuit Judges, and CARR, Senior District
Judge.[**]

Appellant Barbara J. Hamilton appeals the denial of Social Security disability

benefits. We reverse and remand. Because the parties are familiar with the facts and

the procedural history, we will not recount them here.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

[**]　　The Honorable James G. Carr, Senior District Judge for the U.S. District Court for
the Northern District of Ohio, sitting by designation.

Hamilton contends that the ALJ's finding of fact that she must be able to "sit and stand at will" mandated a finding of disabled given her age, education, work experience, and residual functional capacity (RFC). A finding that a claimant must be able to sit and stand at will does not necessarily leave only sedentary and unskilled positions (and therefore does not automatically mandate a finding of disabled in all cases) under the Medical-Vocational Guidelines.

Hamilton contends, however, that the ALJ's hypothetical to the vocational expert (VE) did not accurately incorporate the at will sit/stand option. To be sure, the hypothetical could be construed as accurately stating Hamilton's RFC. But the light positions the VE pointed out to the ALJ cannot accommodate Hamilton's at will sit/stand limitation, according to the VE's own testimony.

The ALJ should have resolved the discrepancy between the hypothetical he posed and the VE's response before he relied on the VE testimony to conclude there are sufficient jobs Appellant can perform and thereon denied benefits.

Substantial evidence does not support a finding of disability where the VE's testimony either is contradictory or responds to an inaccurate hypothetical. *Taylor v. Comm'r of Social Sec. Admin.*, 659 F.3d 1228, 1235 (9th Cir. 2011).

An immediate award of benefits is not necessary here, where the discrepancy can be resolved by remanding to the Social Security Administration. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).

REVERSED AND REMANDED.