**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEANNA JEAN PRUITT, | No. 12-35399 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-01303-HZ |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted May 6, 2015[**]
Portland, Oregon

Before: W. FLETCHER and HURWITZ, Circuit Judges and CURIEL,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Gonzalo P. Curiel, District Judge for the U.S. District
Court for the Southern District of California, sitting by designation.

Appellant Leanna Jean Pruitt appeals the district court's order affirming the Administrative Law Judge's ("ALJ") denial of her application for disability insurance benefits and widow's insurance benefits under the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Pruitt contends that the ALJ made harmful errors when he determined that (1) her mental impairments are not severe and (2) her back problems do not meet or equal a listed impairment. She further contends that the ALJ erred by (3) rejecting her allegations that she cannot sit at a desk for a complete workday, (4) rejecting her treating physician's opinion that she is disabled and incapable of lifting anything, and (5) ignoring a lay witness's opinion about her limitations. She argues that the aforementioned errors led the ALJ to find incorrectly that Pruitt has a residual functional capacity ("RFC") that enables her to perform sedentary work, including her past work.

We review de novo the district court's order affirming the ALJ's denial of social security benefits, reversing "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. at 1111.

We conclude that none of Pruitt's six challenges to the ALJ's decision entitles her to relief under this standard.

First, there is substantial evidence that Pruitt's mental disorders do not impair her ability to perform sedentary work. This evidence includes the consulting psychologist's opinion that Pruitt's depressive issues are mild and that she does not suffer from any cognitive impairment, as well as treatment notes indicating that her stress-related symptoms improve with treatment. The ALJ also correctly found that Pruitt's sleep disorder is non-severe. Although she testified that she needs to lie down during the day, Pruitt attributed this to her back pain, not to fatigue stemming from her psychological conditions. Importantly, despite her difficulties, Pruitt is able to live independently and maintain the same level of social activity as she did before she experienced these conditions.

Second, Pruitt is correct that the ALJ concluded, without explanation, that her physical impairments do not meet or equal a listed impairment. But this was not error because Pruitt failed to present a theory to the ALJ as to how her combined impairments meet or equal Listing 1.04C, and therefore the ALJ did not need to explain his conclusion. *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001). This distinguishes her from the claimant in *Marcia v. Sullivan*, 900 F.2d 172 (9th Cir. 1990).

Third, the ALJ provided a clear and convincing reason to reject Pruitt's allegation about her ability to sit long enough to work. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Her account was inconsistent with the medical record, including Dr. Ogisu's 2004 opinion that she could sit for 6 hours, a 2005 X-ray that showed only mild degenerative changes and no acute abnormalities, Dr. Vander Waal's 2006 note that his only objective finding was tenderness in her lower back, and Dr. Rinehart's 2007 opinion that she could sit for 8 hours of a workday.

Fourth, the ALJ provided specific and legitimate reasons for rejecting the opinion of Pruitt's treating physician in favor of the opinion of an examining physician. *See Thomas v. Barnhart*, 278 F.3d 947, 956–57 (9th Cir. 2002). The ALJ properly rejected Dr. Rinehart's 2005 opinion because Pruitt's disability status is a legal conclusion, not a medical one. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). And he properly rejected Dr. Rinehart's 2007 opinion that Pruitt is incapable of lifting anything because Dr. Rinehart recognized that Pruitt could carry something (a cane) and because Pruitt told Dr. Vander Waal in 2006 that she could lift up to 10 pounds. Evidence postdating Dr. Rinehart's 2007 opinion provides additional reason to reject it. At the hearing in 2008, Pruitt said

4

that she could lift up to 5 pounds.  And, in 2008, Dr. Rinehart noted that Pruitt could perform yard work, which presumably entails some lifting.

Fifth, although the ALJ erred when he ignored the third-party function report submitted by Pruitt's pastor, Pruitt has not met her burden to show that this error was harmful.  *Molina*, 674 F.3d at 1111.  Because Pastor Krane's knowledge of Pruitt's lifting abilities was vague and spotty, and because his observations about her stamina and ability to handle stress do not suggest that her condition is severe or would prevent her from performing sedentary work, we "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

Sixth, substantial evidence supports the ALJ's conclusion that Pruitt can perform her past work as a telemarketer and receptionist.  Because the ALJ was permitted to reject some of the limitations assessed by Pruitt, Dr. Rinehart, and Pastor Krane, the ALJ was not required to incorporate them into his RFC or the hypothetical questions he posed to the vocational expert.  *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164–65 (9th Cir. 2001) ("An ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence.").  And, contrary to Pruitt's contention, it is irrelevant that the Dictionary

5

of Occupational Titles states that receptionists must frequently reach but the ALJ found that Pruitt could only occasionally reach. The ALJ was evaluating whether Pruitt could perform her work as she actually performed it—with only occasional reaching—and not as it is generally performed. *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (citing Social Security Ruling 82-61).

**AFFIRMED.**