NOT FOR PUBLICATION

FILED

SEP 01 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHELLE L. DAVIS, | No. 15-35607 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01969-MAT |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary A. Theiler, Magistrate Judge, Presiding

Submitted August 29, 2017[**]

Before:    GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Michelle L. Davis appeals the district court's order affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits and Supplemental Security Income benefits under Title II and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we vacate and remand.

At step three of the sequential evaluation process, the administrative law judge (ALJ) determined that Davis did not meet or medically equal any of the per se disabling impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1 (the "Listings") for the period between March 31, 2009, and July 24, 2013. The ALJ erred in concluding that Davis did not meet or medically equal any of the per se disabling impairments as a result of her pulmonary conditions. The ALJ failed to sufficiently explain her evaluation of the combined effects of Davis's impairments, which medical expert ("ME") Daniel Wiseman opined would have very likely met or medically equaled Listing 3.02(A) as early as 2007. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990) (holding that where a claimant provides evidence that the combination of her impairments established medical equivalence, "the ALJ must explain adequately [her] evaluation of alternative tests and the combined effects of the impairments"). Further, the ALJ's proffered reason for rejecting the ME's testimony regarding Davis's problems with obstruction and diffusing capacity was not supported by the record.

Although the ALJ's reasoning lacks the requisite specificity and clarity, it is not clear from the administrative record that the ALJ would be required to award benefits if the evidence regarding the combined effects of Davis's impairments were properly considered and evaluated. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) ("Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate."). Accordingly, we remand for further proceedings.

Each party shall bear its own costs on appeal.

**VACATED and REMANDED.**

15-35607