NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 5 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENISE D. RAMIREZ, | No. 16-35410 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00070-AA |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted May 16, 2018**
Portland, Oregon

Before: TASHIMA, McKEOWN, and PAEZ, Circuit Judges.

Denise Ramirez appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for Disability

Insurance Benefits and Supplemental Security Income benefits under Titles II and

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*. We review de novo the district court's decision affirming the denial of benefits, and may set aside the decision of the administrative law judge (ALJ) where that decision is based on legal error or where the findings of fact are not supported by substantial evidence in the record taken as a whole. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

We hold that the ALJ committed reversible error in rejecting the opinion of Ramirez's longtime treating physician, Dr. Hagie. Where, as here, a treating physician's opinion is contradicted by another doctor, the ALJ may not reject the opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record; the same is required for rejecting the treating doctor's "ultimate conclusions" as to disability. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ rejected Dr. Hagie's opinion for four reasons, which we address in turn.

The ALJ rejected Dr. Hagie's opinion in part because it "relie[d], in large part, on the claimant's report of her capabilities and subjective complaints, and I find the claimant not fully credible." This reasoning was both factually and legally erroneous. An ALJ may permissibly discount a treating provider's opinion where it is based "'to a large extent' on a claimant's self-reports that have been properly

discounted as incredible" and the physician's records show "little independent analysis or diagnosis." *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). But where a physician "does not discredit [a patient's] complaints and supports his ultimate opinion with his own observations," an ALJ errs in rejecting a physician's opinion on the basis that it relies in part on the subjective complaints of a claimant the ALJ has found to be not credible. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–200 (9th Cir. 2008); *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

Here, the ALJ erred because the record does not support the ALJ's assertion that Dr. Hagie's opinions relied "in large part" on Ramirez's self-reports. To the contrary, each of Dr. Hagie's treatment notes discuss *both* his objective findings and Ramirez's subjective complaints. Dr. Hagie also ordered and reviewed the objective medical imaging test results—MRIs of Ramirez's brain and spine—in the record. And Dr. Hagie specifically noted the aspects of his opinion that relied on "clinical observation and patient report" versus "objective and reproducible defined testing protocol/examination." Moreover, as Dr. Hagie explained in his letter, his opinions also relied on his review of the neuropsychological testing reports from three psychologists, as well as the consultative opinion from Dr. Branch. As Ramirez's treating physician, Dr. Hagie's ability to integrate medical information and reports from other physicians into his assessment of Ramirez's

3

functional capacity and prognosis is an important reason why his opinion is presumptively entitled to greater weight. *Lester*, 81 F.3d at 833; *see* 20 C.F.R. § 404.1527(c)(2).

The ALJ also rejected Dr. Hagie's opinion by stating, without elaboration, that "the objective medical evidence does not support the doctor's opinion." But as we have previously held, a bare assertion by an ALJ that the "objective medical evidence" does not support a physician's opinion fails to constitute a specific and legitimate reason. *Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988). Instead, the ALJ must "set[] out a detailed and thorough summary of the facts and conflicting clinical evidence, stat[e] his interpretation thereof, and mak[e] findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

A third reason the ALJ gave for rejecting Dr. Hagie's opinion was the ALJ's supposition that Dr. Hagie "appears to have a financial interest in the claimant obtaining disability." But the evidence cited by the ALJ in support of his assertion significantly mischaracterizes the record, and the ALJ ignored evidence pointing to a contrary conclusion. *See Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) (holding that an ALJ errs by ignoring competent evidence that contradicts the ALJ's findings). For example, the ALJ erroneously stated that Dr. Hagie had estimated a particular amount of billings for Ramirez's treatment "in connection with [Ramirez's] prior applications," and inferred an improper financial motivation

4

from this statement. The record, however, shows that Dr. Hagie made this statement in response to a specific question ("Please provide your best estimate of what such [potential future] treatment would cost") on a form prepared by attorneys representing Ramirez in her car accident litigation in August 2008—*not* her prior disability applications, as the ALJ asserted. Where the ALJ's reasoning is belied by the record, it is not specific and legitimate. *See Orn v. Astrue*, 495 F.3d 625, 634–35 (9th Cir. 2007).

The other record evidence the ALJ cited in support of his assertion similarly mischaracterized the record and unreasonably supposed an improper financial motivation. *See* SSR 86-8, 1986 WL 68636 at *8 ("Reasonable inferences may be drawn, but presumptions, speculations and suppositions should not be substituted for evidence."). There is no evidence in the record indicating that Dr. Hagie was motivated by financial greed. There is considerable evidence, however, that he was concerned with Ramirez's ability to obtain needed medical care from him and other providers, and that he was sensitive to Ramirez's financial woes and periodic lack of insurance, including in situations where Dr. Hagie did not personally stand to benefit. Just as an ALJ "may not assume that doctors routinely lie in order to help their patients collect disability benefits," absent "evidence of actual improprieties," *Lester*, 81 F.3d at 832 (quoting *Ratto v. Secretary*, 839 F. Supp. 1415, 1426 (D. Or. 1993)), an ALJ may not discount a treating physician's opinion

5

simply because the claimant would be better able to afford ongoing care if the claimant obtained disability benefits.

The ALJ's final reason for rejecting Dr. Hagie's opinion rested on a "permanent and stationary" work accommodation note Dr. Hagie completed in May 2009, which opined that Ramirez could return to school or work with certain physical limitations; the ALJ stated that "the objective medical evidence does not support such a dramatic decline in functioning [between Dr. Hagie's 2012 opinion and the 2009 note]." The ALJ's reliance on Dr. Hagie's brief accommodation note—dated seven months before Ramirez's alleged onset date, and nearly three years prior to Dr. Hagie's 2012 opinion—is misplaced. First, the ALJ did not provide additional explanation for his assertion regarding the "objective medical evidence," which is inadequate under our precedent. *See Embrey*, 849 F.2d at 421–22. Moreover, at least some of the objective medical evidence *did* support a meaningful decline in functioning; for example, Dr. Rawlins's 2010 objective neuropsychological testing showed a worsening in cognitive function and intellectual capacity when compared to Dr. Villanueva's 2008 evaluation and Dr. Kauder's 2007 assessment. And while the May 2009 note expressly did not include mental or cognitive limitations—noting that separate examinations would be required to assess the permanent impairments from her brain injury—Dr. Hagie also wrote the 2009 note without the benefit of having reviewed the evaluations of

6

Dr. Rawlins and Dr. Branch. Dr. Hagie's 2012 opinion, by contrast, took account of the evaluations from numerous other physicians; rested on nearly three additional years of treatments and clinical observations; was far more detailed than the 2009 note; and incorporated limitations based on all of Ramirez's impairments, both physical and mental. *See Lester*, 81 F.3d at 833.

Because the ALJ's erroneous rejection of Dr. Hagie's opinion alone warrants reversal, we do not reach Ramirez's other arguments, and instead vacate and remand for further proceedings.[1] *See Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 n.1 (9th Cir. 1997). We note that if the ALJ accords controlling weight to Dr. Hagie's opinion on remand, reaching the other issues in the case would be unnecessary; both vocational experts testified that if the limitations to which Dr. Hagie opined were credited, Ramirez would be precluded from all work.

**VACATED and REMANDED with instructions for the district court further to remand this case to the Commissioner.**

---

[1] On remand, the ALJ should consider the factors prescribed in 20 C.F.R. § 404.1527(c)(2)–(6) for assessing a treating physician's opinion, including the length, nature, and extent of the treating relationship, the frequency of examination, and the supportability and explanation provided for Dr. Hagie's opinion. *See Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017).