NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KRISTY LYNN PRYOR,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No.   18-15383

D.C. No. 2:16-cv-03018-KJN

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding**

Argued and Submitted August 5, 2019
San Francisco, California

Before:  SILER,*** HAWKINS, and NGUYEN, Circuit Judges.

Kristy Lynn Pryor appeals from the district court's order affirming the Social

Security Commissioner's determination that her disability ended on October 31,

---

*   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**   The parties consented to proceed before Magistrate Judge Newman under
28 U.S.C. § 636(c).

***  The Honorable Eugene E. Siler, United States Circuit Judge for the U.S.
Court of Appeals for the Sixth Circuit, sitting by designation.

2013, and she is not entitled to Supplemental Security Income under Title XVI of the Social Security Act as an adult. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's decision de novo and the determination of the administrative law judge ("ALJ") for substantial evidence, *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016), we reverse and remand.

Pryor contends that the ALJ erred at step three of the sequential evaluation process, *see* 20 C.F.R. § 404.1520(a)(4), by determining that Pryor does not meet Listing 12.05(C). To meet Listing 12.05(C), a claimant must demonstrate "(1) subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22; (2) a valid IQ score of 60 to 70; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation." *Kennedy v. Colvin*, 738 F.3d 1172, 1174 (9th Cir. 2013) (citing 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05). The Commissioner concedes, and we agree, that the ALJ erred in its determination that Pryor "does not have a valid verbal, performance or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." For example, the only IQ test results in the record report a full scale IQ of 70, and the ALJ gave that examining physician's report "considerable weight."

The Commissioner contends that this error is harmless because Pryor was also required, but failed, to demonstrate the existence of deficits in adaptive functioning

initially manifesting before age 22. Although we will not reverse on account of an error that is harmless, *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), our review is limited to "only the reasons provided by the ALJ in the disability determination[,] and [we] may not affirm the ALJ on a ground upon which he did not rely," *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The ALJ did not analyze whether Pryor demonstrated deficits in adaptive functioning manifesting before age 22. Therefore, the ALJ's error regarding the remaining Listing 12.05(C) criteria requires remand. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("Because we cannot engage in such substitution or speculation, such error will usually not be harmless.").

We remand to the district court to further remand to the agency for proceedings consistent with this disposition. Because we remand for reconsideration at step three of the sequential evaluation process, we do not reach the other arguments. *See Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990).

**REVERSED AND REMANDED.**