NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVEN HAVENS,

       Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

       Defendant-Appellee.

No.   21-35022

D.C. No. 4:19-cv-05257-EFS

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted February 9, 2022
Portland, Oregon

Before:  PAEZ and NGUYEN, Circuit Judges, and TUNHEIM,** District Judge.

Steven Havens appeals from the district court's order affirming the

administrative law judge's ("ALJ's") decision denying his application for

supplemental security income under Title XVI of the Social Security Act.  We

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*    The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's order affirming the denial of social security benefits by the ALJ de novo and reverse only if the decision was not supported by substantial evidence or is based on legal error. *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014). We can affirm the ALJ's decision even if made in error, "so long as the error was harmless." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

**1.** The ALJ did not reversibly err at Step Two in concluding that Havens' alleged radiculopathy and carpal tunnel syndrome ("CTS") did not amount to severe impairments. An impairment must be established by objective medical evidence, and it cannot be considered severe if the evidence establishes only a slight abnormality that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 416.921; SSR 85-28, 1985 WL 56856 (Jan. 1, 1985).[1] Substantial medical evidence supported the ALJ's determination at Step Two because evidence in the record indicated that Havens' CTS was improving and he had never been diagnosed with radiculopathy by a medically acceptable source. And even if the determination was in error, it was harmless because the ALJ considered these conditions among his claimed impairments in the overall residual functioning capacity determination.

---

[1] SSRs "do not carry the force of law, but they are binding on ALJs nonetheless." *Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017) (internal quotation marks and citation omitted).

**2.** The ALJ did not reversibly err at Step Three by deciding that Havens did not meet or equal any impairment listings because the ALJ offered more than conclusory findings and engaged with the record evidence throughout the decision. *See Marcia v. Sullivan,* 900 F.2d 172, 176 (9th Cir. 1990); *Lewis v. Apfel*, 236 F.3d 503, 513-14 (9th Cir. 2001).

**3.** The ALJ reversibly erred in partially discrediting Havens' pain testimony. The ALJ's reasons—failure to seek treatment, incompatibility between his testimony and his daily activities, and inconsistencies with the objective medical evidence—do not constitute specific, clear, and convincing reasons on this record. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). Havens offered several explanations for his lack of treatment for CTS, including a sense of hopelessness in seeking medical help and cost. But the ALJ failed to consider these reasonable explanations, so Havens' failure to seek treatment is not a sufficient basis for discounting his testimony about his hand pain. *See Regennitter v. Comm'n of Soc. Sec. Admin.*, 166 F.3d 1294, 1296-97 (9th Cir. 1999).

The ALJ also cited Havens' testimony that he mowed the lawn, did chores around the house, watched TV and movies, occasionally visited friends, and took care of his father as reasons to discount his pain testimony. But Havens never testified that he cared for his father, and indeed testified that he tried to help his father with chores but was unable to do so. He also explained that because of his

3

conditions, he frequently had to take breaks or have his father take over his chores. In light of our precedents, which urge caution in concluding that daily activities performed in this manner are inconsistent with pain testimony, *see, e.g., Garrison*, 759 F.3d at 1016, this record does not constitute specific and convincing reasons to discount Havens' pain.

Finally, inconsistencies between the objective medical evidence and Havens' pain testimony cannot, on their own, constitute a specific and convincing reason to discredit pain testimony. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). "Because pain is a subjective phenomenon . . . it is possible to suffer disabling pain even where the *degree* of pain, as opposed to the mere *existence* of pain, is unsupported by objective medical findings." *Id*. Therefore, "[o]nce a claimant submits objective medical evidence establishing an impairment that could reasonably be expected to cause *some* pain, it is improper as a matter of law for an ALJ to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings." *Id*. (cleaned up). Because the ALJ's other reasons are not well supported by the record, the ALJ erred in discounting Havens' testimony based solely on inconsistencies with the medical record.

**4.** The ALJ also did not adequately weigh the medical evidence. First, the ALJ incorrectly concluded that the alleged onset date was no earlier than the filing date of the application, January 6, 2012. The onset date, however, should be the

4

date alleged by the individual so long as that date is based in fact and is consistent with all evidence. *See* SSR 83-20, 1983 WL 31249 (Jan. 1, 1983). Havens asserts his disability began on June 1, 1995. If the ALJ finds that the claimant's alleged onset date is not consistent with the evidence, she must call on the services of a medical advisor to determine the proper date. *Armstrong v. Comm'n of Soc. Sec. Admin.*, 160 F.3d 587, 589-90 (9th Cir. 1998).

In order to reject testimony of a medically acceptable treating source, the ALJ must provide legitimate reasons based on substantial evidence. *Garrison*, 759 F.3d at 1012. The ALJ may discount testimony from other medical sources by giving germane reasons. *Id.* Because the ALJ improperly applied the 2012 onset date, she erred in excluding PAC Segren and ARNP Thomason's 2009 opinions based solely on the fact that their opinions predated this onset date. The ALJ also erred in assigning little weight to Dr. Stringer's November 2011 opinion for the same reason. Dr. Stringer's report was written only a few months prior to the application date and was between the alleged onset date and filing date, rendering it relevant. *Pacheco v. Berryhill*, 733 F. App'x 356, 360 (9th Cir. 2018). We cannot find these errors harmless because all three limited Havens to sedentary work and the ALJ failed to properly account for them in her analysis.

**5.** On these grounds, we conclude that reversal and remand for further proceedings is the proper remedy. Though the ALJ erred, it is not clear from the

record that Havens is entitled to benefits.  *Garrison*, 759 F.3d at 1019.  Additional proceedings are needed for the ALJ to reassess the record based on the court's decision.

**REVERSED AND REMANDED.**