**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERNARD LABORIN, | No.   15-15776 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02167-MHB |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Michelle H. Burns, Magistrate Judge, Presiding

Argued and Submitted March 14, 2017
San Francisco, California

Before:  TROTT, WARDLAW, and GOULD, Circuit Judges.

Bernard Laborin appeals the district court's judgment affirming an

administrative law judge's (ALJ) decision denying his application for disability

benefits and supplemental security income under Titles II and XVI of the Social

Security Act.  We have jurisdiction under 28 U.S.C. § 1291, and we reverse and

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

remand.[1]

**1.**  The ALJ erred in giving treating physician Dr. Tran's opinion "very little weight" without analyzing the required factors.  *See Trevizo v. Berryhill*, 862 F.3d 987, 997 (9th Cir. 2017).  When an ALJ concludes that a treating physician's opinion is not controlling, either because it is not "well supported" or because it is inconsistent with other substantial evidence in the record, the ALJ must determine the proper weight to give the opinion based on the factors outlined in 20 C.F.R. § 404.1527(c).  *See Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).

Here, the ALJ gave Dr. Tran's assessment "very little weight" because it had "little to no supporting findings/evidence," and because Dr. Tran's opinion was inconsistent with the opinions of the non-treating physicians.  The ALJ did not evaluate Dr. Tran's opinion in light of the factors set forth in 20 C.F.R. § 404.1527(c).  This failure by the ALJ is reversible legal error.  *Trevizo*, 862 F.3d at 997.

**2.**  The ALJ erred in rejecting some of Laborin's symptom testimony. Where, as here, there is no evidence of malingering and "the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged,'" the ALJ

---

[1] We also reverse and remand for the reason stated in the concurrently filed published opinion.

can reject the claimant's symptom testimony "only by offering specific, clear and convincing reasons for doing so." *Lingerfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (first quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc); and then quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

Viewing the record as a whole, the ALJ did not give clear and convincing reasons for rejecting Laborin's testimony that his medications were not effective and that he had severe pain. *See Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). Laborin frequently reported that his pain rated highly on the pain scale of 1 to 10, that his pain severely limited his ability to function, and that his medications were not effective. Although there is some evidence that Laborin received partial relief from epidural injections (and perhaps from medications), this evidence must be taken in the context of Laborin's overall health, which the record shows was characterized by severe pain. *See Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1996). The ALJ did not give clear and convincing reasons for rejecting Laborin's testimony as to the effectiveness of his medications or as to the severity of his pain.

Nor did the ALJ provide clear and convincing reasons for rejecting Laborin's testimony regarding the effectiveness of the epidural injections. "We review only the reasons provided by the ALJ in the disability determination . . . ." *Garrison*, 759 F.3d at 1010. Here, the part of the record that the ALJ cited to support rejecting this testimony did not concern the epidural injections; rather, it

concerned facet injections.

The ALJ did give clear and convincing reasons for rejecting Laborin's testimony that his pain got worse after radiofrequency ablation, and his testimony regarding the side effects of his medications. Because the ALJ pointed to specific evidence in the record that reasonably supported the ALJ's credibility determinations on these points, we accept the ALJ's determination as to those points. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014).

**3.** The ALJ did not err by rejecting the testimony of Laborin's wife. The ALJ rejected her testimony because, among other reasons, it was inconsistent with the observations and opinions of the medical doctors. Inconsistency with medical opinions is a valid reason for rejecting lay witness testimony. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

**4.** The ALJ erred by not sufficiently explaining why Laborin's lumbar spine impairment did not meet or medically equal a Social Security Listing. Although we do not require the ALJ "to state why a claimant failed to satisfy every different section of the listing of impairments," *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990), the ALJ must "discuss and evaluate the evidence that supports . . . her conclusion," *Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001). Here, other than stating general conclusions about the medical record, citing a few specific points in the course of the credibility determination, and summarizing the

4

functional assessments—but not the medical findings—of the physicians, the ALJ did not adequately discuss the medical record. A bare statement that Laborin does not meet a listing, without appropriate evaluation or discussion of the medical evidence, is insufficient to conclude that Laborin's impairment does not meet or medically equal a listed condition. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).

**5.** We remand for further administrative proceedings. There are conflicts in the record and factual issues that need to be resolved. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

**REVERSED and REMANDED.**