**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| NICKOLAS W. MCMAHON, | No. 16-17294 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00043-SMS |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Sandra Snyder, Magistrate Judge, Presiding

Argued and Submitted February 13, 2018
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and STATON,** District Judge.

Nickolas McMahon appeals the District Court's judgment affirming the

Commissioner of Social Security's denial of his applications for Social Security

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Josephine L. Staton, United States District Judge for the Central District of California, sitting by designation.

Disability Insurance and Supplemental Security Income benefits under the Social Security Act. For the reasons stated below, we affirm.

We review *de novo* the findings of the district court, and "may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). Substantial evidence "means 'more than a scintilla,' but 'less than a preponderance'" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (citations omitted). A legal error may be harmless "when it [is] clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins*, 466 F.3d at 885 (quoting *Stout v. Comm'r*, 454 F.3d 1050, 1055-56 (9th Cir. 2006)).

The Administrative Law Judge (ALJ) erred in providing only a "boilerplate" analysis of whether McMahon's impairments met Listing 1.04 of 20 C.F.R. part 404, subpart P, appendix 1. "An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (citing *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990)).

However, the error was harmless: McMahon did not present any evidence that he met a required element of the listing, "motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss." 20 C.F.R. part 404, subpart P, appendix 1. Accordingly, the ALJ's error did not affect the ultimate disability determination.

The ALJ cited specific and legitimate reasons, supported by substantial evidence, for rejecting the opinions of McMahon's treating physician, Brian Karvelas, M.D., and treating pain management specialist, Ray Hsieh, M.D., as to McMahon's sitting and standing restrictions. As to Dr. Karvelas's opinion, the ALJ concluded that the opinions of Dr. Gleason and Dr. Bullard were more consistent with the record as a whole, McMahon had reported significant benefit from treatment, and Dr. Karvelas's recommendations of light duty pursuant to the workers' compensation scheme were inconsistent with his opinions as to McMahon's sitting and standing restrictions. As to Dr. Hsieh, the ALJ cited the inconsistency of Dr. Hsieh's opinions with contemporaneous treatment notes and with the record as a whole. Moreover, we can ascertain from the opinion that the ALJ considered the factors set forth in 20 C.F.R. section 404.1527(c)(2)-(6), which guide the evaluation of a treating physician's opinion.

**AFFIRMED**.