**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL KALLENBACH, | No. 17-35756 |
| Plaintiff-Appellant, | No. 3:17-cv-05127-MAT |
| v. | MEMORANDUM* |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted March 27, 2019**

Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.

Michael Kallenbach appeals the district court's affirmance of the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act. We have jurisdiction under 28

U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 872, 875 (9th Cir. 2016), and we affirm.

Any error the ALJ committed in finding Kallenbach's impairments did not meet Listing 1.04(A) was harmless. Regarding the Listing's first requirement that the claimant have evidence of nerve root compression, the record contains evidence of nerve root compromise but also indicates this symptom improved. *See* 20 C.F.R. Pt. 404, Subpt. P, App.1, Listing 1.04. Kallenbach's degree of improvement is not entirely clear from the medical records both parties cite. Although the "ALJ is responsible for . . . resolving ambiguities" in the medical record, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), the ALJ did not specifically address this ambiguity. However, this error was harmless, as Kallenbach has not demonstrated he has met all of the Listing's remaining criteria.

Regarding Listing 1.04's second requirement, "limitation of motion of the spine," 20 C.F.R. Pt. 404, Subpt. P, App.1, Listing 1.04, Kallenbach cites notes from a November 2013 examination that state he had "decreased flexion of [the] lumbar spine," indicating he fulfilled this criterion. However, the medical evidence does not show Kallenbach met Listing 1.04's third requirement of motor loss accompanied by sensory or reflex loss. 20 C.F.R. Pt. 404, Subpt. P, App.1, Listing 1.04(A). Exam results from November 2013 specify he had no deep tendon reflexes in his Achilles but also state Kallenbach's "[m]otor [functions] . . . are intact in the bilateral extremities." In addition, regarding the Listing's fourth

2

criterion—positive straight-leg raising test results, both sitting and supine, *id.*—

November 2013 examination results state Kallenbach had a positive left straight-

leg raise but do not specify if the testing conducted included sitting, supine, or both

types of straight-leg testing. Finally, concerning the Listing's twelve-month

durational requirement, while Kallenbach cites notes from a November 2014

medical appointment, stating these show he "continues to have left low back

pain[,] . . . numbness and weakness in the left foot[,] . . .[and] a mildly antalgic

gait," this does not show that a year later Kallenbach still met the specific criteria

for Listing 1.04. *See* 20 C.F.R. Pt. 404, Subpt. P, App.1, Listing 1.04. As a result,

any error the ALJ committed by not directly addressing the ambiguous evidence

concerning whether Kallenbach fulfilled the first requirement of the Listing was

harmless, as substantial evidence in the record supports the ALJ's finding that

Kallenbach did not fulfill all of the Listing's requirements for at least twelve

months. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

We reject Kallenbach's argument that the ALJ erred by failing to sufficiently

discuss the evidence that supported the conclusion that Kallenbach did not fulfill

the Listing's requirements. Kallenbach cites *Marcia v. Sullivan*, 900 F.2d 172, 176

(9th Cir. 1990), in support. However, as the district court pointed out, *Marcia*

applies when a claimant attempts to establish his conditions equal, rather than

meet, a listing, and requires ALJs to explain why evidence does or does not

3

demonstrate equivalency. Because Kallenbach has not contended his conditions equal Listing 1.04, *Marcia* is inapposite.

The ALJ provided specific, clear, and convincing reasons for discounting Kallenbach's testimony, including inconsistencies between Kallenbach's allegations of impairment and his medical treatment records, inconsistencies between the medical opinion evidence and Kallenbach's testimony, and Kallenbach's failure to seek and adhere to prescribed treatment. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *Molina*, 674 F.3d at 1113.

Kallenbach's contention that the ALJ failed to associate the objective medical evidence with specific testimony the ALJ discounted lacks merit. The ALJ identified specific examples of medical evidence that did not support Kallenbach's allegations, such as treatment notes indicating Kallenbach's nerve compression had improved to the point where he no longer required surgery. Kallenbach's assertion that the medical sources did not consider the impact of his lumbar impairment when opining about the work Kallenbach would be able to perform, but rather only considered limitations arising from his other impairments related to his worker's compensation claim, is not borne out by the record. For instance, when opining that Kallenbach had environmental limitations concerning the work he could perform, consulting physician Dr. Platter stated Kallenbach would need to avoid

4

concentrated exposure to vibrations and hazards due to "recurrence of lumbar disc." Kallenbach's remaining arguments advocate for an alternative to the ALJ's rational interpretation of the record, and so Kallenbach has not identified a basis for reversal. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

Lastly, the ALJ provided germane reasons for discounting the lay witness testimony from Kallenbach's girlfriend, Heidi Frost, including discrepancies between her statements and the evidence from Kallenbach's treating and examining sources. *See Molina*, 674 F.3d at 1114. Even if the ALJ erred in citing the conflict between Ms. Frost's statements and these medical opinions, the error was harmless. Ms. Frost's testimony described limitations similar to those that Kallenbach alleged. Because the ALJ provided clear and convincing reasons for discounting Kallenbach's testimony, "it follows that the ALJ also gave germane reasons for rejecting [Ms. Frost's] testimony." *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

**AFFIRMED.**