**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLISON VALDEZ DELACRUZ, | No. 19-16577 |
| Plaintiff-Appellant, | D.C. No. 4:18-cv-00715-YGR |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted October 7, 2021**

Before: THOMAS, Chief Judge; HAWKINS and McKEOWN, Circuit Judges.

Allison Valdez Delacruz appeals pro se from the district court's summary

judgement remanding her disability action to the agency for further proceedings.

We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). We affirm.

The district court did not abuse its discretion in remanding Delacruz's proceeding to the agency for further proceedings because the administrative law judge failed to explain his analysis at Step Three, and because the record includes conflicting objective medical evidence concerning the severity of Delacruz's condition. *See id.* at 1101 ("Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate."); *Marcia v. Sullivan*, 900 F.2d 172, 176-77 (9th Cir. 1990) (remanding to the agency for proper consideration of Step Three equivalence because it is in a better position to evaluate the medical evidence).

The district court did not abuse its discretion in denying Delacruz's motion to alter or amend the judgment. *See Sch. Distr. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e)).

We decline to consider Delacruz's arguments that the agency has violated her Eighth Amendment rights, or the Racketeer Influenced and Corrupt Organization Act, because they are outside the scope of this court's subject matter jurisdiction on appeal. *See* 42 U.S.C § 405(g).

Delacruz's request for monetary sanctions, raised for the first time in her reply brief, is denied. *See, e.g.*, *Fink v. Gomez*, 239 F.3d 989, 991-92 (9th Cir. 2001) (describing the types of conduct that can provide a basis for "bad faith").

**AFFIRMED.**