**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CATHERINE A. ORCUTT,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

Defendant-Appellee.

No.   20-16318

D.C. No. 2:19-cv-01920-DJA

MEMORANDUM<sup>*</sup>

Appeal from the United States District Court
for the District of Nevada
Daniel J. Albregts, Magistrate Judge, Presiding

Submitted November 16, 2021
San Francisco, California

Before:  THOMAS, Chief Judge, McKEOWN, Circuit Judge, and RESTANI,<sup>**</sup>
Judge.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Jane A. Restani, Judge for the United States Court of
International Trade, sitting by designation.

Catherine Orcutt appeals the district court's order affirming the Commissioner of Social Security's denial of her applications for disability benefits and supplemental income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review the district court's decision de novo. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). We review the decision of the ALJ for substantial evidence. *Id.* (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). We reverse. Because the factual and procedural background is familiar to the parties, we will not recount it here.

I

The ALJ erred at step three by rejecting Listing 1.04a with a one-sentence, boilerplate dismissal when Orcutt presented with a spinal disorder. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (citing *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990)). Although the ALJ was not to required to "state why [Orcutt] failed to satisfy every different section of the listing of impairments[,]" *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990), the ALJ was required to find at least one of the criteria foreclosed where Orcutt presented with evidence that supported a Listing, *see Lewis*, 236 F.3d at 513–14. Here, the ALJ made no such finding

2

anywhere in the decision. The ALJ's recitation of Orcutt's "diagnostic studies" did not eliminate any of the criteria for Listing 1.04a when her 2014 MRI revealed "mild left neural foraminal narrowing", which supports Listing 1.04a's requirement of "evidence of nerve root compression[.]" 20 C.F.R. Part 404, Subpt. P, App. 1, § 1.04A. Additionally, the ALJ's observation that Orcutt presented with "no hard evidence of radiculopathy" is not supported by substantial evidence where the record indicates that Orcutt was routinely diagnosed with radiculopathy over the years in question. The ALJ's failure to explain why Orcutt did not satisfy any of the medical criteria for Listing 1.04a is harmful error because we review only "the reasons the ALJ asserts," and if the ALJ fails to specify their reasoning, "a reviewing court will be unable to review those reasons meaningfully without improperly 'substitut[ing] [its] conclusions for the ALJ's, or speculating as to the grounds for the ALJ's conclusions.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (internal citations omitted).

## II

The ALJ also erred in discounting the opinion of Dr. Antflick, a treating physician, in assessing Orcutt's residual functional capacity. The ALJ's failure to consider "factors such as the length of the treating relationship, the frequency of examination, the nature and extent of the treatment relationship, or the

3

supportability of the opinion" when ascribing "little weight" to Dr. Antflick's opinion that Orcutt was totally disabled "alone constitutes reversible legal error." *Trevizo v. Berryhill*, 871 F.3d 664, 676–77 (9th Cir. 2017).

Additionally, the ALJ failed to provide "specific and legitimate reasons . . . supported by substantial evidence[,]" *id.* at 675 (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)), as to why Dr. Antflick's opinion was "not supported by the nature and scope of the claimant's treatment, the objective findings or the state Agency informed opinions."

The ALJ's discussion of the objective findings—that Orcutt had a "normal range of motion . . . upon examination [with] . . . no hard evidence of radiculopathy"—mischaracterized the record. The record is replete with clinical observations that Orcutt's spinal range of motion was impaired, and numerous doctors diagnosed Orcutt with radiculopathy. The ALJ's discussion of the imaging reports does not set forth specific and legitimate reasons for discrediting Dr. Antflick when Dr. Antflick never claimed the MRI results showed severe spinal degeneration nor did he attribute his assessment of her functional limitations to the symptoms he might expect to follow from her objective diagnoses.

Finally, the ALJ failed to provide "specific and legitimate reasons" for discounting Dr. Antflick based on the "State agency opinions" when it is not clear

4

to which opinions the ALJ referred. *Trevizo*, 871 F.3d at 675 (quoting *Bayliss*, 427 F.3d at 1216). To the extent the ALJ relied on the opinion of examining physician Dr. Cabaluna as substantial evidence, it is not clear that the ALJ properly discounted Dr. Antflick's opinion where both doctors considered the same MRI results and other clinical findings. *See Orn*, 495 F.3d at 632.

Collectively, these errors are harmful because if Dr. Antflick were fully credited, a reasonable ALJ could find Orcutt wholly disabled.

We therefore vacate the judgment of the district court and remand with instructions to remand to the agency for further proceedings on an open record consistent with this decision.

**VACATED AND REMANDED.**