NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SANDRA VALLADARES,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No. 21-35379

D.C. No. 4:20-cv-05040-EFS

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted March 11, 2022
Phoenix, Arizona

Before: HAWKINS, PAEZ, and WATFORD, Circuit Judges.

Sandra Valladares appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her applications for Disability

Insurance Benefits and Supplemental Security Income. We have jurisdiction under

28 U.S.C. § 1291, and we review the district court's decision de novo. *Ford v. Saul*,

950 F.3d 1141, 1153–54 (9th Cir. 2020). We "will disturb the denial of benefits only

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

if the decision 'contains legal error or is not supported by substantial evidence.'" *Id.* at 1154 (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). We vacate and remand with instructions to remand to the Commissioner.

The Administrative Law Judge ("ALJ") erred at step three by failing to address Listing 1.02A "Major dysfunction of a joint(s)" with respect to the post-polio deformities of Valladares's left knee and ankle. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02A. "[I]n determining whether a claimant equals a listing under step three . . . the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The ALJ "must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). "A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not [meet or equal a listed impairment]." *Id.*

The ALJ did not address Listing 1.02A, and the decision's boilerplate no-listings finding is insufficient. While the ALJ briefly concluded that Valladares did not meet the definition of § 1.00(B)(2)(b) "inability to ambulate effectively," she did so in the context of Valladares's spinal impairments rather than her left knee and ankle impairments. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00(B)(2)(b). Further, the ALJ referenced Dr. John Morse's opinion that Valladares "is able to

2

ambulate at the sedentary level" only after step three, as part of the residual functional capacity determination. *See Lewis*, 236 F.3d at 512. Finally, the ALJ did not address Dr. Morse's opinion that Valladares should "avoid even moderate exposure to uneven terrain" in the context of § 1.00(B)(2)(b)'s example of ineffective ambulation as "the inability to walk a block at a reasonable pace on rough or uneven surfaces."[1] 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00(B)(2)(b).

While "[i]t is unnecessary to require the Secretary . . . to state why a claimant failed to satisfy every different section of the listing of impairments," *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990), here the ALJ's discussion at step three does not sufficiently reveal her reasoning with respect to Listing 1.02A to allow us to evaluate it for substantial evidence, *see Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). We therefore vacate the district court's judgment and remand with instructions to remand to the Commissioner. *See Marcia*, 900 F.2d at 176 ("Where the Secretary is in a better position than this court to evaluate the evidence, remand is appropriate."). Because we remand for reconsideration of step three, we do not reach the other arguments raised.

**VACATED AND REMANDED.**

---

[1] Appearing to credit that aspect of Dr. Morse's opinion, the ALJ reached a residual functional capacity determination that included the following limitation: "[T]he claimant would need to avoid all exposure to hazards and walking on uneven ground."